**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEASUREMENT SPECIALTIES, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> EXERGEN CORPORATION and JOHN DOES 1-10, ABC CO. 1-10 (*being the fictitious name of persons or entities who are not presently known to plaintiff*), <br><br> *Defendants*. | Civil No.: 2:24-cv-8369 (KSH) (JRA) <br><br><br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.    Introduction**

This breach of contract action comes before the Court on Exergen Corporation's motion to dismiss for lack of personal jurisdiction and improper venue. (D.E. 20.) For the reasons set forth below, the motion will be granted.

**II.   Background**

Measurement Specialties, Inc. ("MSI") is incorporated in New Jersey with its principal place of business in Virginia. (D.E. 16, Am. Compl. ¶ 1.) Exergen Corporation ("Exergen") is incorporated in Massachusetts with its principal place of business in Massachusetts. (*Id.* ¶ 2.) Exergen produces forehead thermometers and in 2020 contracted with MSI for parts for those thermometers. (*Id.* ¶¶ 5, 12; D.E. 20, Mtn. to Dismiss, at 2-3.)

On June 17, 2020, MSI sent Exergen a Quote for 4 million parts with a total price of $5,200,000. (Am. Compl. ¶¶ 5-6.) The one-page Quote directs customers to a "TE Connectivity" website to view MSI's Terms and Conditions, and identifies the seller as MSI with

1

a Freemont, California address. (*Id.* ¶¶ 8-11 & Ex. 2, Quote.) The Quote also displays a validity date of June 17, 2020 to August 16, 2020. (D.E. 16-2, Ex. 2, Quote.)

After navigating to the proper link, one can access the pdf entitled "Terms and Conditions of Sale." (Am. Compl. ¶ 9 & Ex. 1, MSI's Terms and Conditions.) At paragraph 23, the document states in relevant part,

> **APPLICABLE LAW:** This Agreement and the sale of goods and services hereunder shall be governed by and construed in accordance with the laws of the State in which Seller is located, excluding laws directing the application of the laws of another jurisdiction, and Buyer hereby attorns to such exclusive jurisdiction.

[(D.E. 16-1, Ex. 1, MSI's Terms and Conditions ¶ 23.)]

On September 10, 2020, Exergen sent MSI a Purchase Order for $5,200,000 worth of parts with specified delivery dates. (Am. Compl. ¶ 12 & Ex. 3.) The Purchase Order is addressed to MSI at its Hampton, Virginia address. (*Id.*) That Purchase Order attached Exergen's own terms and conditions, which provided that "[n]one of the terms and conditions contained in this Purchase Order may be added to, modified, superseded or otherwise altered except by a written instrument signed by an authorized representative of the Buyer." (D.E. 20, Affidavit of Francesco Pompei ("Pompei Aff.") & Ex. A, Exergen's Terms and Conditions; D.E. 22, Second Affidavit of Francesco Pompei & Ex. G.)

On September 22, 2020, TE Connectivity sent Exergen an Order Acknowledgement, which stated that the "Customer's Order is accepted on the express condition that the terms and conditions set forth in the TE Connectivity website . . . shall apply and such terms and conditions shall constitute the complete agreement between the parties." (D.E. 20, Pompei Aff. & Ex. B, Order Acknowledgement.) This is the same language and website as displayed on MSI's earlier Quote. (*Compare* D.E. 16-2, Ex. 2, Quote *with* D.E. 20, Pompei Aff. & Ex. B, Order

2

Acknowledgement.)  The Order Acknowledgement indicates the seller is MSI, "a TE Connectivity Company," with an address in Andover, Minnesota.  (D.E. 20, Pompei Aff. & Ex. B, Order Acknowledgement.)

MSI alleges that after receiving and accepting some of the parts, Exergen later refused delivery, cancelled, and refused to pay for $2,015,000 worth of parts as outlined by the contract, resulting in damages to MSI.  (Am. Compl. ¶¶ 14-19.)  On August 8, 2024, MSI sued Exergen based on diversity jurisdiction in this Court, and Exergen moved to dismiss for lack of personal jurisdiction, improper venue, and in the alternative to transfer venue.  (D.E. 1, 12.)  On November 1, 2024, MSI filed an amended complaint raising three counts:  breach of contract (Count One), promissory estoppel (Count Two), and quantum meruit (Count Three).  (D.E. 16.)  Exergen moved to dismiss on the same grounds as its earlier motion:  lack of personal jurisdiction, improper venue, and in the alternative to transfer venue.  (D.E. 20.)  MSI opposed (D.E. 21), and Exergen replied (D.E. 22).

One thing the parties tacitly seem to agree on is that none of the events surrounding the contract at issue occurred in New Jersey, nor were any employees of MSI or Exergen present in New Jersey at any relevant time.  (D.E. 20, Mtn. to Dismiss, at 14-16 (arguing that all the events giving rise to MSI's claim occurred in Massachusetts); D.E. 21, Pl. Opp., at 15 (arguing in the alternative for transfer to Virginia since all MSI employees on the contract worked there); *see* D.E. 20, Pompei Aff. ¶ 25 (listing the parties' communications as being between Massachusetts and Virginia); D.E. 21-1, Declaration of Veronique Rozan ("Rozan Decl.") ¶ 18 (listing MSI's employees' locations, none of which are in New Jersey).)  The only connection New Jersey has to this case is it is the state in which plaintiff is incorporated.  (*See* Am. Compl. ¶ 1.)

### III. Forum Selection Clause

In response to this glaring issue—that New Jersey has no connection to this case—MSI points to an apparent forum selection clause at paragraph 23 of its Terms and Conditions of Sale referenced in its June 2020 Quote, arguing that the language found there sets forth a binding forum selection clause such that Exergen consented to being sued in New Jersey.

That clause states that the agreement "shall be governed by and construed in accordance with the laws of the State *in which Seller is located*, excluding laws directing the application of the laws of another jurisdiction . . . ." (D.E. 16-1, Ex. 1, MSI's Terms and Conditions ¶ 23 (emphasis added).)  The parties devote a substantial part of their arguments to the issue of when the contract was formed, MSI arguing that its Quote was the offer and Exergen's Purchase Order was the acceptance (D.E. 21, Pl. Opp., at 6-10), and Exergen arguing that its Purchase Order was the offer and MSI's Order Acknowledgement was the acceptance (D.E. 20, Mtn. to Dismiss, at 8-11).  Arguably, this would move the needle one way or another if in fact accepting MSI's Quote bound Exergen to its Terms and Conditions and thereby the forum selection clause.  The Court prefers to determine the straightforward issue of whether under the facts pled, the forum selection clause is enforceable such that this Court has jurisdiction to hear this matter.

To begin, "[f]ederal courts are courts of limited jurisdiction, and . . . must therefore be certain that there is a basis for [their] authority to hear each suit before proceeding to the merits." *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869-70 (3d Cir. 2022).  Generally, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972).  A valid forum selection clause "is treated as a manifestation of the parties' preferences as to a convenient

4

forum," *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995), such that it can confer jurisdiction upon the consenting parties, *Harfouche v. Wehbe*, 950 F. Supp. 2d 766, 770 (D.N.J. 2013) (Irenas, J.). Further, "the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." *Jumara*, 55 F.3d at 877.

A forum selection clause may be found unreasonable "for such reasons as fraud or overreaching"; "if enforcement would contravene a strong public policy of the forum in which suit is brought"; or if "enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983), *overruled on other grounds*, *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989); *see M/S Bremen*, 407 U.S. at 15. "In New Jersey, forum selection agreements are deemed prima facie valid and enforceable." *Harfouche*, 950 F. Supp. 2d at 771 (quoting *Wilfred MacDonald Inc. v. Cushman Inc.*, 256 N.J. Super. 58, 63 (App. Div. 1992)). And "[e]ven when a party has failed to read the entire contract, the party is bound by the forum selection clause as long as 'there is reasonable notice.'" *Vidal v. Tom Lange Co. Int'l, Inc.*, 2021 WL 4963276, at *3 (D.N.J. Oct. 26, 2021) (Bumb, J.) (quoting *Noble v. Samsung Elecs. Am., Inc.*, 682 F. App'x 113, 116 (3d Cir. 2017)).

But forum selection clauses are not *per se* enforceable—"[c]ontext and clarity matter." *Id.* In analyzing a forum selection clause, the "critical inquiry is whether the provision had been reasonably communicated by the agreement." *Id.* (quoting *Diversified Home Installations, Inc. v. Maxwell Sys., Inc.*, 2010 WL 1133773, at *6 (D.N.J. Mar. 22, 2010) (Cooper, J.)); *Wall Street Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 85 (3d Cir. 2006) (noting "a court's paramount consideration is the intent of the parties" (citation omitted)). It follows, then, that "before a contractual forum selection provision can be enforced, it must actually effectuate a selection" to

5

apprise the court of the parties' intended forum. *Wall Street Aubrey Golf*, 189 F. App'x at 85. And where contractual language "admits of more than one reasonable construction," it is ambiguous. *Id.* (citing *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1011 (3d Cir. 1980)); *see Harfouche*, 950 F. Supp. 2d at 771 (finding the forum selection clause at issue was "ambiguous and thus cannot act as valid consent to jurisdiction in New Jersey").

The Court finds that the forum selection clause did not reasonably communicate to Exergen that MSI was "located" in New Jersey such that Exergen consented to be sued here. Where MSI is "located," when the operative documents are examined, is capable of different reasonable constructions. In terms of notice and effort, maintaining the suit in New Jersey would be unreasonable where the parties' business dealings that resulted in this lawsuit have no connection to New Jersey and neither evidence nor witnesses are located here.

"In a typical forum selection clause, the parties agree to jurisdiction in a specific court or state." *Harfouche*, 950 F. Supp. 2d at 771 (citing examples). Here, the clause broadly contemplates "exclusive jurisdiction" where the "Seller is located" without specifying in the Terms and Conditions where that location is. (*See* D.E. 16-1, Ex. 1, MSI's Terms and Conditions ¶ 23.) Compounding that ambiguity, MSI's Quote specifies that it is located at a Freemont, California address; its Order Acknowledgement shows an Andover, Minnesota address; and MSI's principal place of business, and ostensibly where Exergen knew it to be "located" for all intents and purposes, is in Hampton, Virginia. (Am. Compl. ¶¶ 8-12 & Exs. 2-3; D.E. 20, Pompei Aff. & Ex. B, Order Acknowledgement.) The parties do not dispute that Exergen's employees on the contract were working out of Massachusetts and MSI's employees were working out of Virginia. (D.E. 21-1, Rozan Decl. ¶ 18 ("All of the employees tasked with handling the Exergen transaction reported to and were employed at MSI's Virginia office.");

D.E. 20, Pompei Aff. ¶ 25 (describing that the Exergen employees on the contract were all located in Massachusetts and received and sent communications from Massachusetts).) Neither company contends that its employees ever stepped foot in New Jersey.

Nowhere does MSI allege, and the Court cannot find, that it was reasonably communicated to Exergen that MSI was "located" in New Jersey such that New Jersey would be the parties' intended forum. This is especially true where MSI held itself out to Exergen to be operating out of at least three other states. MSI does not assert that it informed Exergen somewhere in the Terms and Conditions or elsewhere that New Jersey is where MSI is incorporated. MSI also does not provide any legal authority to suggest that its place of incorporation is where it should be deemed located for purposes of this clause.

Additionally, the Court finds that it would be unreasonable to litigate this matter in New Jersey, and seriously inconvenient for all parties to do so, where there are no witnesses or evidence located in New Jersey. *See Vidal*, 2021 WL 4963276, at *4 (requiring travel to a state that had no ties to the cause of action or witnesses "strongly suggests that enforcing this forum selection clause would be both inconvenient and unreasonable").

The Court finds that its ambiguity and the serious inconvenience associated with litigating this case in New Jersey makes MSI's forum selection clause unreasonable. As such, it does not validly confer jurisdiction over Exergen in New Jersey. The Court will therefore not construe the clause as Exergen's waiver of personal jurisdiction and must instead analyze whether there is personal jurisdiction over Exergen and whether venue is proper in this district.

IV.    **Legal Standards**

    A.  **Personal Jurisdiction**

"A federal court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the state." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 144-45 (3d Cir. 1992). New Jersey's long-arm statute "permits service on nonresident defendants subject only to 'due process of law.'" *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971); *see* N.J. Ct. R. 4:4-4(a)(6). Due process requires that "a contract sued upon has a 'substantial connection' with the forum state," "such that the maintenance of the suit [in the forum state] does not offend principles of fairness." *Avdel Corp.*, 58 N.J. at 270; *see O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (asserting the relevant inquiry under the Due Process Clause is whether "the defendant has 'certain minimum contacts with . . . [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice'" (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945))).

Personal jurisdiction is either general or specific, and once challenged the plaintiff bears the burden of establishing it. *O'Connor*, 496 F.3d at 316-17. To establish general jurisdiction over a corporation, the corporation must have "continuous and systematic" contacts with the forum state "as to render them essentially at home in the forum State." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 384 (3d Cir. 2022) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

To establish specific jurisdiction over a corporation, two elements must be met: "First, there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state. Second, the contacts

8

must give rise to—or relate to—plaintiff's claims." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)). "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous,'" and the plaintiff must show that the defendant "deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Ford Motor Co.*, 592 U.S. at 359 (first citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); and then citing *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

### B. Venue

Fed. R. Civ. P. 12(b)(3) permits a court to dismiss a matter that is filed in the wrong venue. On a motion to dismiss for improper venue, the court "accepts the allegations in the complaint as true, and draws all reasonable inferences and resolves factual conflicts in a plaintiff's favor." *Howmedica Osteonics Corp. v. DJO Global, Inc.*, 2017 WL 1136671, at *2 (D.N.J. Mar. 27, 2017) (Vazquez, J.) (citing *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012)). The defendant bears the burden of establishing improper venue. *Bockman*, 459 F. App'x at 160.

Whether venue is proper is governed by 28 U.S.C. § 1391, which provides that

A civil action may be brought in--

(1) a judicial district in which any defendants resides, if all defendants are residents of the State in which the District is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to a court's personal jurisdiction with respect to such action.

[28 U.S.C. § 1391(b).]

"Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). Consequentially, "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Id.* at 56; *see Howmedica*, 2017 WL 1136671, at *4 ("In short, a [forum] selection clause is not considered in a Section 1391 review."). Additionally, a plaintiff's residence is not relevant to the venue analysis. *Howmedica*, 2017 WL 1136671, at *4 (citation omitted).

Venue is proper if the case falls into at least one of the § 1391(b) categories; "if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."[1] *Atl. Marine Const. Co.*, 571 U.S. at 56. Section 1406(a) provides that if a case is brought "in the wrong division or district," the district court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A district court has broad discretion in determining whether to dismiss or transfer a case due to improper venue." *Howmedica*, 2017 WL 1136671, at *3.

**V.     Discussion**

   **A. The Court Lacks Personal Jurisdiction Over Exergen**

MSI has not sustained its burden to establish that either general or specific jurisdiction exists over Exergen in New Jersey. MSI's sole argument is that the forum selection clause confers "exclusive jurisdiction to MSI's location – New Jersey." (D.E. 21, Pl. Opp., at 1.) But

---

[1] Both parties argue in the alternative that this case should be transferred pursuant to 28 U.S.C. § 1404(a). However, § 1404(a) "only applies when a case was originally filed in a proper venue." *Howmedica*, 2017 WL 1136671, at *4 (citing *Jumara*, 55 F.3d at 878). Because the Court finds that venue is improper in New Jersey, as discussed below, § 1404(a) does not apply.

as discussed above, the Court finds that argument fails.  MSI does not otherwise address whether, absent the forum selection clause, personal jurisdiction exists over Exergen.

The Court agrees with Exergen's arguments that no general or specific jurisdiction exists over it.  General jurisdiction does not exist, as Exergen is incorporated and has its principal place of business in Massachusetts (Am. Compl. ¶ 2), and MSI does not plead any other facts that Exergen has had any contacts with New Jersey as to render it "essentially at home" here.  *See Fischer*, 42 F.4th at 384 (quotation omitted).

Specific jurisdiction likewise does not exist.  MSI has not alleged that Exergen has "minimum contacts" with New Jersey or that those contacts give rise to or relate to its claims.  *See Hepp*, 14 F.4th at 207.  There is nothing in the record to suggest that, at any time, any employee of MSI or of Exergen was in New Jersey during the contract's inception, performance, or alleged breach.  Rather, throughout the parties' respective briefs and declarations, MSI contends that at all relevant times its employees were in Virginia and Exergen contends that at all relevant times its employees were in Massachusetts.  (*See* D.E. 21, Pl. Opp. at 2-3; D.E. 22, Def. Reply at 8-9; D.E. 21-1, Rozan Decl. ¶ 18; D.E. 20, Pompei Aff. ¶ 25.)  Additionally, MSI contends that the contract's parts were manufactured in China and shipped from China to California or Massachusetts—at no point were the shipments alleged to touch New Jersey.  (D.E. 21-1, Rozan Decl. ¶¶ 19-20.)

Based on these allegations, the Court finds that Exergen did not have any contacts with New Jersey and no events relating to this contract occurred in New Jersey.  This Court does not have personal jurisdiction over Exergen.

11

### B. Venue is Improper in New Jersey

Exergen argues an alternative basis for dismissal: improper venue. And again, MSI does not appear to offer any counter argument. In its amended complaint, MSI asserts that venue is proper under "28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District and Defendants are subject to personal jurisdiction in this District." (Am. Compl. ¶ 7.) In subsequent filings, MSI appears to abandon, and indeed contradict, this position, instead claiming that venue is proper in New Jersey pursuant to the forum selection clause. With respect to that argument, in *Atlantic Marine*, the Supreme Court addressed the impact of forum selection clauses on a venue analysis, ultimately finding that "a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." 571 U.S. at 56; *see Howmedica*, 2017 WL 1136671, at *4 (collecting cases and noting that "forum selection clauses have no impact on whether a venue is improper; venue is determined exclusively by federal venue laws" (citing *Atl. Marine Const. Co.*, 571 U.S. at 55)). Therefore, even if the forum selection clause were found to be valid, this would have no bearing on the Court's venue analysis.

Returning to Exergen's venue argument, the Court finds that venue is improper in New Jersey pursuant to § 1391. Exergen is a resident of Massachusetts, and the Court has found that it lacks personal jurisdiction over it, so § 1391(b)(1) is inapplicable. *See* 28 U.S.C. § 1391(c)(2) (providing that an entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").

New Jersey is also not a proper forum under § 1391(b)(2), as no events—let alone a "substantial part of the events or omissions" giving rise to MSI's claim—are alleged to have occurred in New Jersey.

Finally, § 1391(b)(3) only applies "if there is no district in which an action may otherwise be brought as provided in this section." Under § 1391(b)(3), "[i]t is not enough that the *forum district* does not satisfy residential or transaction venue. There must be no federal district anywhere in the United States that satisfies either Section 1391(b)(1) or Section 1391(b)(2)." 14D Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3806.1 (4th ed. 2022); *see Fletcher v. Baghri Hotels, Inc.*, 2023 WL 4407571, at *1 (D.N.J. July 6, 2023) (Padin, J.) (finding § 1391(b)(3) did not apply since plaintiffs' action could have been brought in the Northern District of California). At the very least, Exergen may be sued in Massachusetts, where it is incorporated and where its principal place of business is. Section 1391(b)(3) therefore does not apply. Venue is improper in New Jersey.

**C. Dismissal is Proper**

The Court elects to dismiss the case without prejudice rather than transfer pursuant to 28 U.S.C. § 1406(a). Pursuant to § 1406(a), transfer is only appropriate "if it be in the interest of justice." Several factors disfavor transfer here, including that the statute of limitations has not run in the forums in which the action possibly may be brought, *see, e.g.*, Mass. Gen. Laws ch. 260, § 2 (2024) (providing for a six-year statute of limitations in contract actions); Va. Code Ann. § 8.01-246(2) (2024) (providing for a five-year statute of limitations), and the parties have not engaged in discovery or significant briefing at this time, (*see* D.E. 28 (order allowing for limited written discovery but staying other discovery pending the instant motion to dismiss)). *See Patel v. Cigna Health and Life Ins. Co.*, 2025 WL 868958, at *4 (D.N.J. Mar. 19, 2025) (Neals, J.) (electing to dismiss rather than transfer for similar reasons).

As discussed, there are various forums in which plaintiff might pursue its claims, including Massachusetts and Virginia. At this early stage in litigation, the Court declines to

13

weigh in on which forum is best suited for this action, and neither party has identified "any injustice that would result from dismissal as opposed to transfer." *Bockman*, 459 F. App'x at 162 n.11.

### VI.     Conclusion

Based on the foregoing, the Court grants Exergen's motion to dismiss for lack of personal jurisdiction and improper venue.  An appropriate order accompanies this opinion.


Dated: June 20, 2025                                              */s/ Katharine S. Hayden*
                                                                                 Katharine S. Hayden, U.S.D.J.